IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAD ALWAWI, | CASE NO. 3:26-cv-375 |
| Petitioner, | DISTRICT JUDGE JAMES R. KNEPP II |
| vs. | |
| SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondents. | **ORDER** |

The parties' briefing in this matter raises many unanswered questions. The Court will hold argument on Petitioner's petition at 2:00 p.m. on Thursday, March 12, 2026, by video.

In preparation for the hearing, the parties should consider, and be prepared to discuss, the following.

A removal order becomes final on the earlier of when the Board of Immigration Appeals affirms it or at the expiration of time to seek review before the Board. 8 U.S.C. § 1101(a)(47)(B).[1] Because an alien, such as Petitioner Jad Alwawi, who is subject to an *in absentia* order, must first seek rescission of the order through a motion to reopen, the Board cannot directly review an *in absentia* order. *See* 8 U.S.C. § 1229a(b)(5)(C)(i), (ii). Given Section

---

[1] Although Paragraph (47) uses the former term *deportation*, it means *removal*. *See Nasrallah v. Barr*, 590 U.S. 573, 579 (2020)).

1101(a)(47)(B), if the non-citizen never filed a motion to reopen, one might argue that his removal order would never become final, which is not likely to be what Congress intended. This circumstance has led one Court to conclude that an *in absentia* removal order does not become final until the 180-day motion-to-reopen window has expired. *See Cui v. Garland*, 13 F.4th 991, 996 (9th Cir. 2021).

But the flush language in 8 U.S.C. § 1229a(b)(5)(C) says that "[t]he filing of the motion to reopen described in [Section 1229a(b)(C)(i) or (ii)] shall stay the removal of the alien pending disposition of the motion by the immigration judge." This provision could be read to imply that but for its command, a non-citizen subject to an *in absentia* order could be removed despite having filed a motion to reopen. And if that's so, the *in absentia* order must have, at some point, become a final order of removal capable of being executed. Under *Cui*'s reading, however, the flush language in Section 1229a(b)(5)(C) would be superfluous in that situation because immigration authorities would be powerless to execute an *in absentia* order until 180 days after the immigration judge issues it.

But suppose, as happened in this case, the non-citizen files a motion to reopen and an immigration judge denies the motion all before the expiration of the 180-day period. Extending *Cui*'s logic to this circumstance might suggest that Alwawi' order became final when the immigration judge denied Alwawi's motion to reopen. And the negative pregnant from Section 1229a(b)(5)(C)'s

2

flush language—that the non-citizen can be removed absent a motion to reopen—would support this reading. Under this reading, Alwawi's removal order became final in October 2025. *See* Doc. 7-5.

In any of the above scenarios, the Court is left to wonder when an order of removal becomes a final, executable removal order in the case of an alien ordered removed *in absentia*. The parties should thus be prepared to explain, *with reference to statutes, regulations, and case law*, whether Alwawi's order of removal is a final order of removal and, if so, how and when it ripened into a final order.

The issue above is relevant because the parties are seemingly in agreement that the "removal period" described in 8 U.S.C. § 1231(a)(1) has expired. *See* Doc. 1, at 4–5, 7; Doc. 7, at 8–9. In fact, Alwawi says that his removal order became final in August 2025, when the immigration judge issued the *in absentia* order. Doc. 8, at 4. Determining whether Alwawi's removal period has expired and when the removal period began could depend on when Alwawi's "order of removal [became] administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). If Alwawi's removal period has expired, he is statutorily eligible for consideration for release, *see* 8 U.S.C. § 1231(a)(6), and the procedures in 8 C.F.R. § 241.4 apply. Given this possibility, in light of the parties' agreement, the Court will inquire during the hearing about the following:

- whether the determinations contemplated in Section 241.4 have been made and, if not, why not

3

- whether the procedures in Section 241.4 impose an automatic duty on relevant officials or whether they must be initiated by a detained alien

- if the procedures in Section 241.4 must be initiated by a detained alien, the mechanism for doing so

Finally, relevant to Respondents' exhaustion argument, the Court will inquire about the import of 8 C.F.R. § 241.4(d), which bars appeals of a decision under Section 241.4 to release or detain.

So ordered.

Dated: March 6, 2026

                                             */s/ James E. Grimes Jr.*
                                             James E. Grimes Jr.
                                             U.S. Magistrate Judge