**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **JAD ALWAWI,** | CASE NO. 3:26 CV 375 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,** | |
| Respondents. | **ORDER** |

On February 13, 2026, Petitioner Jad Alwawi ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Therein, Petitioner alleged his continued detention pending removal was unlawful under both *Zadvydas v. Davis*, 533 U.S. 678 (2001), and 8 U.S.C. § 1231(a). *See id.* at 6–7. While the Petition was pending, Respondents notified the Court that Petitioner "has been removed from the United States and is no longer in the government's custody." (Doc. 18).

"The Sixth Circuit has held that a petition for a writ of habeas corpus challenging the length of an alien's detention pending removal is rendered moot by the alien's removal from the United States." *Yaser v. ICE Detroit*, 2026 WL 1835511, at *1 (N.D. Ohio) (first citing *Enazeh v. Davis*, 107 F. App'x 489, 491 (6th Cir. 2004), and then citing *Haddad v. Ashcraft*, 76 F. App'x 672, 673 (6th Cir. 2003)). This holding flows directly from the text of § 2241, which specifies the writ "shall not extend to a prisoner unless [h]e is *in custody* under or by color of the authority of the United States." 28 U.S.C. § 2241(c)(1). And district courts within this Circuit have consistently applied such rule. *See Yaser*, 2026 WL 1835511, at *1 (collecting cases).

Because Petitioner is no longer in Respondents' custody, the Court is unable to issue the writ or otherwise grant effective relief, and the Petition is thus moot. *See Fialka-Feldman v. Oakland Univ. Bd. Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). Accordingly, the Petition (Doc. 1) is hereby DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2026